*1129 OPINION.
Akundell :
We are of the opinion that the respondent’s determination should be approved. It may well be that the salaries actually paid when added to the amounts fixed in the corporate resolutions did not aggregate an amount which may be characterized as unreasonable compensation, but this we need not determine. Our difficulty is in convincing ourselves that the amounts fixed in the resolutions of 1924 and 1925 created a definite obligation on the part of the petitioner to pay the amounts fixed. Three stockholders owned all of the common stock in equal proportions, a father and his two sons. They were its officers and directors. The father gave a very small amount of his time to petitioner’s affairs and has been paid no salary for the years before us. The two sons devoted all of their time to petitioner’s affairs, for which each has been paid a fixed salary.
The resolution of 1924 recognizes the need of petitioner to conserve its cash position and provides that notes be given to cover the additional compensation voted. The second resolution provides for bonuses, if the profits of the year warrant, the sums voted to be credited to the individual accounts of the officers and not to be paid in cash until in the opinion of the board of directors this may be done without impairing the petitioner’s working capital. Payment of the *1130 notes was never demanded and they in fact were never paid, but by resolutions set forth in our findings the indebtedness said to have been created was canceled. The naked fact is that the company never paid the additional compensation and the officers never received it. It is our opinion that the bonuses were only tentatively fixed and that the resolutions did not create an absolute obligation of the petitioner and the subsequent action of the parties gives credence to this view. See Verndale Garage, Inc., 15 B. T. A. 57.
We have disposed of this case on the theory that petitioner kept its accounts and reported its income on the accrual basis. The record, however, does not affirmatively disclose the fact.

Judgment will ~be entered for the respondent.